ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| LIZZA MARIE RIVERA BONNET | | *REVISIÓN ADMINISTRATIVA* procedente de Departamento de la Familia |
|---|---|---|
| Recurrente | **KLRA202400100** | Caso Núm.: 2024 TANF 00036 |
| v. | | |
| DEPARTAMENTO DE LA FAMILIA | | Sobre: Reconsideración |
| Recurrido | | |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y Prats Palerm.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 17 de mayo de 2024.

Comparece ante este foro, la Sra. Lizza Marie Rivera Bonnet (señora Rivera o "la recurrente"), por derecho propio, y solicita que revisemos una *Resolución* notificada el 1 de febrero de 2024 por la Junta Adjudicativa del Departamento de la Familia (Junta Adjudicativa o "parte recurrida"). Mediante la cual, denegó la solicitud de los servicios del Programa de Ayuda Temporal para Familias Necesitadas (TANF).

Por los fundamentos expuestos a continuación, se **DESESTIMA** el recurso por falta de jurisdicción.

## I.

Según consta en el expediente, el 18 de julio de 2023, la señora Rivera presentó una solicitud para recibir los beneficios del TANF. No obstante, el 20 de diciembre de 2023, la Administración de Desarrollo Socioeconómico de la Familia (ADSEF) le envió una carta notificándole que no había sido elegible para recibir los beneficios.[1] Concluyeron que, dicha determinación

---

[1] Véase, pág. 48 del apéndice del recurso en oposición.

había sido tomada en consideración a la evaluación médica que le fue realizada el 21 de marzo de 2023.[2] A su vez, la carta le indicaba que, de no estar conforme con la acción tomada, tenía derecho a presentar una solicitud de apelación la cual finalizaba el 3 de enero de 2024.

Así las cosas, el 18 de enero de 2024, la recurrente presentó una *Solicitud de Apelación*.[3] Mediante esta, alegó que la carta le fue notificada el 12 de enero de 2024, por lo que, no podía apelar antes del 3 de enero de 2024. Además, detalló que la Junta Médica no analizó las condiciones médicas que la "han llevado a tener una salud precaria y muy limitada en movilidad", por ello, solicitó una cita médica de evaluación.

El 19 de enero de 2024, la Junta Adjudicativa le envió a la señora Rivera un *Requerimiento de Información*.[4] En el cual, le solicitaron que presentara una "copia del sobre en el cual le enviaron la Notificación que quiere apelar con el matasello del correo y/o copia del correo electrónico."

En respuesta, el 23 enero de 2024, la recurrente presentó la evidencia del sobre del correo, la cual contenía el sobre con el "timbre" de la fecha del 28 de diciembre de 2023, y la notificación que recibiría la carta el 30 de diciembre de 2023.[5] Sin embargo, sostuvo que la recibió a la mano el 12 de enero de 2024.

Así las cosas, el 1 de febrero de 2024, la Junta Adjudicativa emitió la *Resolución* recurrida.[6] Mediante

---

[2] *Evaluación Médica-Social para Casos de Incapacidad en Categorías C, D, G*, pág. 10 del apéndice del recurso en oposición.
[3] *Apelación*, págs. 46-49 del apéndice del recurso en oposición.
[4] *Requerimiento de Información*, pág. 39 del apéndice del recurso en oposición.
[5] *Apelación*, págs. 42-44 del apéndice del recurso.
[6] *Resolución*, págs. 27-28 del apéndice del recurso en oposición.

el referido dictamen, la parte recurrida desestimó con perjuicio la apelación presentada por la recurrente. Concluyó que, la presentación de la apelación fue presentada fuera de término, debido a que, la notificación de ADSEF fue realizada el 28 de diciembre de 2023, por lo que, tenía hasta el 12 de enero de 2024 para presentarla.[7]  A su vez, exponían el término dispuesto para presentar una solicitud de reconsideración o acudir directamente al Tribunal de Apelaciones.

Inconforme con la determinación anterior, el 15 de febrero de 2024, la señora Rivera presentó ante la Junta Adjudicativa una *Reconsideración a Apelación – Revisión*.[8]  En esencia, reiteró el alegado problema con las fechas en que recibe los documentos. Además, señaló que copió al Tribunal de Apelaciones mientras gestionaba un representante legal.  Finalmente, solicitó que le realizaran un "examen físico exhaustiva ante la Junta Adjudicativa y sus peritos médicos."

El 26 de febrero de 2024, recibimos la copia del recurso presentado ante la Junta Adjudicativa por parte de la recurrente.

Por consiguiente, el 8 de marzo de 2024 emitimos una *Resolución* concediéndole a la Oficina del Procurador General de Puerto Rico, en representación del

---

[7] Conforme al Artículo 12 del Reglamento Núm. 9491, mejor conocido como *Reglamento para Establecer los Procedimientos Adjudicativos de la Junta Adjudicativa del Departamento de la Familia*, establece lo siguiente:
    A. Acciones tomadas - En los casos de acciones tomadas, la Apelación tiene que radicarse dentro del término de quince (15) días calendario contados a partir del envío de la notificación, cuando se envíe por correo regular, correo electrónico o, cuando se envíe par correo con acuse de recibo, o se entregue personalmente. En los casos en que el envío sea por correo regular, se tomara la fecha del matasello para comenzar a contar el termino de quince (15) días. […]
[8] *Reconsideración a Apelación – Revisión*, págs. 13-18 del apéndice del recurso en oposición.

Departamento de la Familia, a que presentara su alegato en el término dispuesto en nuestro Reglamento.

Así las cosas, el 10 de abril de 2024, la parte recurrida presentó una *Solicitud de Desestimación*.

El 17 de abril de 2024, le concedimos a la señora Rivera un término de diez (10) días para que se expresara sobre la moción presentada por la parte recurrida.

Transcurrido el término concedido a la recurrente por la cual el recurso de epígrafe no deba ser desestimado por falta de jurisdicción, esta no compareció. Por consiguiente, damos por perfeccionado el recurso.

**II.**

**-A-**

La *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley Núm. 201-2003, establece que, como Tribunal de Apelaciones, estamos facultados para revisar las "decisiones, órdenes y resoluciones finales de organismos o agencias administrativas." Art. 4006(c), 4 LPRA sec. 24(y)(c). Por su parte, la Ley Núm. 38-2017, mejor conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), es el cuerpo normativo que delimita el alcance de la revisión judicial de las decisiones administrativas.

Específicamente, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, establece que la revisión administrativa ante este foro apelativo intermedio se hará respecto a órdenes o resoluciones finales, luego de que el recurrente haya agotado los remedios provistos por la agencia o el organismo administrativo correspondiente.

**-B-**

El Tribunal Supremo de Puerto Rico define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias." *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963). Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia. Más aún, cuando tenemos el deber ineludible de examinar prioritariamente nuestra jurisdicción. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Si el tribunal carece de jurisdicción, el único curso de acción posible es así declararlo, sin necesidad de discutir los méritos del recurso en cuestión. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). De no hacerlo, la determinación sería nula, por lo que carecería de eficacia. *Morán v. Martí*, 165 DPR 356, 364 (2005).

Como es sabido, los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción. *Lozada Sánchez et al. v. JCA,* 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22 (2011); *SLG Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar.

Es norma reiterada que "[u]na apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre." *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR

873 (2007); *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366 (2001). Según se ha definido, un recurso prematuro es uno que se ha presentado en la secretaría de un tribunal apelativo antes de tiempo o antes de que haya comenzado el término para que dicho foro apelativo pueda adquirir jurisdicción. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008).

Todo recurso presentado prematuramente carece de eficacia y por tanto no produce efecto jurídico alguno. *Íd.* Esto, pues al momento de ser presentado, el tribunal no tiene autoridad para acogerlo. Véase, *SLG Szendrey-Ramos v. F. Castillo*, supra; *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 370 (2003); *Juliá et al. v. Epifanio Vidal S.E.*, supra, citando a *Pueblo v. Santana Rodríguez,* 148 DPR 400 (1999).

A nivel apelativo, el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, faculta a este foro a desestimar *motu proprio* un recurso apelativo si se satisface alguno de los criterios contenidos en la Regla 83, 4 LPRA Ap. XXII-B R.83. La referida regla, en lo pertinente, dispone lo siguiente:

> […]
>
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> […]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) de esta Regla. Véase, además, *Plan de Salud Unión v. Seaboard Sur. Co.,* 182 DPR 714 (2011); *Dávila Pollock et als. V. R.F. Mortgage*, 182 DPR 86 (2011).

**III.**

Luego de evaluar los documentos que obran en el expediente, y tras considerar lo presentado por la parte recurrida en el escrito que nos presentó el 10 de abril de 2024, concluimos que procede la desestimación del recurso de epígrafe por falta de jurisdicción. Veamos.

El recurso que nos ocupa fue presentado el 26 de febrero de 2024. A la fecha de presentación, la solicitud de reconsideración sometida a la Junta de Adjudicación el 15 de febrero de 2024, se encontraba pendiente. No era hasta el 1 de marzo de 2024, que la Junta de Adjudicación tenía para atender la moción. Por consiguiente, el recurso incoado ante este Foro es uno prematuro, privándonos así de jurisdicción para atenderlo en los méritos.

Por consiguiente, el recurso administrativo de revisión presentado por la señora Rivera resultó prematuro. A la luz de lo anterior, el único curso viable a seguir es su desestimación.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el presente recurso de revisión judicial por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones